UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahmad Norman, | ) C/A No.: 8:13-1245-TMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Greenwood County Sheriff Office; | ) |
| Deputy Sammy Hill; | ) |
| Greenwood County Detention Center; | ) |
| Sgt. Lee; and | ) |
| Greenwood County Clerk, | ) |
| Angie Woodhurst, | |
| | |
| Defendants. | |

Plaintiff, Rahmad Norman, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee in the Greenwood County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

1



Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989). Further, while this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Plaintiff alleges in full:

On April the 17th I was arrested by the Greenwood County Sheriff's Office for failure to pay child support when [W]arrant Officer Sammy Hill arrested me he did not make me aware of my rights once at the Greenwood County Detention Center Sammy Hill read the bench warrant to me but still never read my rights. I asked Mr. Hill when was I do in court he stated he did not know he told me to ask the Sgt. on duty Mrs. Lee I asked her she also stated she did not know I asked could I use the telephone to call my legal counsel in which she stated they [were] busy transporting people to court and she would have to come back to my cell and take me back to the phone in which she never did. I then asked other staff members at which time they stated I need to make a request to use the phone in which I did on April 17, 2013 no one replied to my request on Monday April 22, 2013 they came to my cell and told me to come with them [] to court I stated I wanted my legal counsel [illegible]. They took me in front [of] the judge anyway who gave me six months in jail I feel the Greenwood County Sheriff Deputy Sammy Hill violated my rights also the jail Sgt. Lee and the clerk of court [A]ngie [W]oodhurst by not telling me a court date so I could prepare my family court case.

*See Complaint, generally*. [ECF No. 1]. In his prayer for relief Plaintiff states he "would like the

2



court and judge to hear [his] case and hold these defendants responsible for violating [his] civil rights also make the county pay me for everyday that I have had to sit in this jail in the amount of whatever the court deems proper." *Id*.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine.  In *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, (4th Cir. 2001), the court noted that "[t]he Rooker-Feldman doctrine holds that 'lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions.' *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir.1997). *See also D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

The *Rooker-Feldman* doctrine precludes 'review of adjudications of the state's highest court [and] also the decisions of its lower courts.' *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir.1997). The *Rooker-Feldman* bar extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.' *Plyler*, 129 F.3d at 731 (4th Cir.1997) (internal quotation marks omitted). A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a

3



determination that the state court wrongly decided the issues before it.' *Id*. (internal quotation marks omitted)." *Safety-Kleen, Inc*., 274 F.3d at 857-58. This prohibition includes constitutional challenges. *See Curley v. Adams Creek Associates*, No. 10-1465, 409 Fed. Appx. 678 (4th Cir. January 28, 2011)(the "doctrine establishes that a federal district court lacks jurisdiction over a litigant's challenge to a state court decision, including allegations that the state court's action was unconstitutional").

The Supreme Court clarified the scope of the *Rooker- Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005):

> The Rooker- Feldman doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id*. at 1521-22; *see also Davani v. Va. Dep't of Transp*., 434 F.3d 712, 713 (4th Cir. 2006) ("Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker- Feldman doctrine does not apply.")

In this instance, Plaintiff clearly challenges the ruling made by the state family court Judge, as well as all preliminary matters that took place prior to his appearance including, but not limited to, the failure to be provided with a court date, the allegation that he was not permitted to call counsel, and the claim that he was not read his rights. These issues directly impact the family court proceedings. Thus, Plaintiff's remedy, if at all, is an appeal to the proper state tribunal.



**RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

_____
Bristow Marchant
United States Magistrate Judge

May 20, 2013
Charleston, South Carolina

5



***The plaintiff's attention is directed to the important notice on the next page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

