IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rahmad Norman, | ) | |
| | ) | Civil Action No. 8:13-1245-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Greenwood County Sheriff Office; | ) | |
| Deputy Sammy Hill; Greenwood | ) | |
| County Detention Center; Sgt. Lee; | ) | |
| Greenwood County Clerk, | ) | |
| Angie Woodhurst, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Rahmad Norman ("Norman"), proceeding pro se, brought this 42 U.S.C. § 1983 action against the defendants, alleging violations of his constitutional rights. Specifically, he alleges that when he was arrested and detained nobody informed him of his rights or allowed him to contact counsel before his court appearance and sentencing.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., all pre-trial proceedings in this case were referred to a magistrate judge. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Norman's complaint without prejudice and without service of process. (ECF No. 10.) The court is charged with making a de novo determination of those portions of the Report to which a party specifically objects, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In this case, Norman did not object to the Report. In the absence of timely objections, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon the magistrate judge's recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Report's recommendation relies on the *Rooker-Feldman* doctrine. However, Norman's complaint does not challenge the state court's order, but rather, alleges separate and distinct constitutional violations by the defendants. Because Norman does not challenge a final decision of a state court, *Rooker-Feldman* does not apply. *See Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("If [the plaintiff] is not challenging the state court decision, the *Rooker-Feldman* doctrine does not apply."); *see also Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

However, Norman's complaint, as written, does not state a viable claim under § 1983. As the court understands the complaint, Norman was party to a civil contempt proceeding in family court. As a civil, rather than criminal, defendant, Norman was not entitled to *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1996); U.S. Const. Amend. V.

In addition, the Due Process Clause does not require that a party be represented by counsel at a civil contempt proceeding. *Turner v. Rogers*, 131 S. Ct. 2507, 2527 (2011) ("[T]he Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year)."); *see also Hicks v. Feiock*, 485 U.S. 624, 637-

41 (1988) (establishing that the Fourteenth Amendment's Due Process Clause requires fewer procedural protections in a civil contempt proceeding than in a criminal case, even if a person's physical liberty is at stake).

Accordingly, Norman's complaint does not allege a constitutional violation actionable under § 1983. Therefore, the court adopts the magistrate judge's recommendation, though not the reasoning of the Report, and Norman's complaint (ECF No. 1) is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 27, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.